A CERTIFIED TRUE COPY

ATTEST

By Tanisha Spinner on Oct 17, 2008

FOR THE UNITED STATES
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

UNITED STATES
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

**UNITED STATES JUDICIAL PANEL**
**on**
**MULTIDISTRICT LITIGATION**

Oct 17, 2008

FILED
CLERK'S OFFICE

**IN RE: TYSON FOODS, INC., CHICKEN RAISED**
**WITHOUT ANTIBIOTICS CONSUMER LITIGATION**                     MDL No. 1982

**TRANSFER ORDER**

**Before the entire  Panel**: Plaintiffs in an action pending in the District of Maryland have moved, pursuant to 28 U.S.C. § 1407, to centralize this litigation in that district.  This litigation currently consists of nine actions:  three pending in the Eastern District of Arkansas, two in the District of Maryland, and one each in the Western District of Arkansas, the Northern District of New California, the District of New Jersey, and the Western District of Washington, as listed on Schedule A.[1]  All responding plaintiffs support centralization in the District of Maryland, specifically before the Honorable Richard D. Bennett.  Responding defendant Tyson Foods, Inc. (Tyson) supports centralization, but asks that the Panel select the Eastern District of Arkansas as transferee district.

After considering the argument of counsel, we find that these nine actions involve common questions of fact, and that centralization under Section 1407 in the District of Maryland will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. All of these actions arise from Tyson's allegedly improper marketing of chicken as "Raised Without Antibiotics" or "Raised Without Antibiotics that impact antibiotic resistance in humans."   Centralization under Section 1407 will eliminate duplicative discovery, prevent inconsistent pretrial rulings (particularly with respect to class certification), and conserve the resources of the parties, their counsel and the judiciary.

We are persuaded that the District of Maryland is an appropriate transferee district for pretrial proceedings in this litigation, in part because two of the nine actions are already pending there and the district is favored by both movants and all responding plaintiffs.  Moreover, Judge Bennett already has developed a significant familiarity with the facts underlying this litigation, having recently overseen a Lanham Act action brought by two Tyson competitors that involved the same marketing practices at issue here. *See Sanderson Farms, Inc. v. Tyson Foods, Inc.*, 547 F.Supp.2d 491 (D. Md. 2008).

---

[1]     The Panel has been notified of two additional related actions.  Those actions and any other related actions will be treated as potential tag-along actions. *See* Rules 7.4 and 7.5, R.P.J.P.M.L., 199 F.R.D. 425, 435-36 (2001).

- 2 -

In opposing centralization in the District of Maryland, Tyson contends that assignment of this docket to Judge Bennett may give rise to a perception of unfairness, in that, in *Sanderson Farms*, the judge issued a preliminary injunction prohibiting Tyson from continuing the aforementioned marketing practices.[2] *See id.* We specifically reject this contention. The mere fact that a judge has issued a prior ruling unfavorable to a particular party involved in Section 1407 proceedings provides no basis, without more, for disqualifying that judge from consideration for assignment of an MDL docket involving the same or similar issues. *See Liteky v. United States*, 510 U.S. 540, 555 (1994) ("[O]pinions formed by [a] judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible.").

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the actions listed on Schedule A and pending outside the District of Maryland are transferred to the District of Maryland and, with the consent of that court, assigned to the Honorable Richard D. Bennett for coordinated or consolidated pretrial proceedings with the actions pending in that district and listed on Schedule A.

PANEL ON MULTIDISTRICT LITIGATION

John G. Heyburn II
Chairman

| | |
|---|---|
| J. Frederick Motz | Robert L. Miller, Jr. |
| Kathryn H. Vratil | David R. Hansen |
| W. Royal Furgeson, Jr. | |

---

[2]   That action was settled shortly after Judge Bennett issued his ruling.

**IN RE: TYSON FOODS, INC., CHICKEN RAISED
WITHOUT ANTIBIOTICS CONSUMER LITIGATION**          MDL No. 1982

## SCHEDULE A

### Eastern District of Arkansas

Mariko Cohen, et al. v. Tyson Foods, Inc., C.A. No. 4:08-366   *RDB - D8 - 2781*
Mary F. Wilson v. Tyson Foods, Inc., C.A. No. 4:08-557   *RDB - 08 - 2782*
John K. Zukowsky, et al. v. Tyson Foods, Inc., C.A. No. 4:08-584   *RDB - 08 - 2783*

### Western District of Arkansas

Rosalyn Mize, et al. v. Tyson Foods, Inc., C.A. No. 4:08-4051   *RDB - 08 - 2784*

### Northern District of California

Eileen Epstein v. Tyson Foods, Inc., C.A. No. 3:08-2800   *RDB - D8 - 2785*

### District of Maryland

Marcia Kranish, et al. v. Tyson Foods, Inc., C.A. No. 1:08-1619
Norman Cutsail, et al. v. Tyson Foods, Inc., C.A. No. 1:08-1643

### District of New Jersey

Diane Wright v. Tyson Foods, Inc., C.A. No. 1:08-3022   *RDB - 08 - 2786*

### Western District of Washington

Denise Court v. Tyson Foods, Inc., C.A. No. 3:08-5392   *RDB - 08 - 2787*